IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JABARI EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13-cv-00300 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| REDMON'S TOWING, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff's motion for a writ of replevin [11] is dismissed by the Court *sua sponte* for failure to state a claim for relief. The dismissal is without prejudice to Plaintiff filing an amended complaint to attempt to state a viable claim by 7/7/2014. Defendant's motion to dismiss [17] and Plaintiff's motion for a default judgment [31] are denied as moot.

## STATEMENT

Plaintiff Jabari El, proceeding *pro se*, commenced this action with a motion for a writ of replevin. Plaintiff claims that the Elgin Police Department seized his vehicle in September 2012 after he was stopped for speeding and cited for driving without a valid license. He also claims that Defendant Redmon's Towing subsequently towed his vehicle and has not returned it. With this action, Plaintiff seeks return of the vehicle and all of the contents seized along with it. However, Plaintiff states no viable claim for relief against Defendant and therefore his action must be dismissed.

As an initial matter, the Court notes that Defendant has filed a motion to dismiss. (Mot. to Dismiss, Dkt. No. 17.) In its motion, Defendant argues that Plaintiff's replevin action fails as a matter of law because Plaintiff has not alleged that he "is the owner of the vehicle alleged to have been seized and towed, or that he is lawfully entitled to the possession thereof" and "that the vehicle is detained by (*i.e.*, in the possession or control of) Defendant." (*Id.* ¶¶ 6, 8.)[1] The Court does not need to reach this argument, however, because none of the legal authorities relied upon by Plaintiff as bases for the requested writ support a viable cause of action. When a complaint's insufficiency is readily apparent, *sua sponte* dismissal is appropriate. *See Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997). That is the case here.

---

[1] The Court notes that Defendant suggested at a status hearing that Plaintiff's vehicle may no longer be in Defendant's possession because it was sold at auction. That circumstance would not necessarily defeat Plaintiff's claim, however, as he may still be able to seek restitution for the lost property. *Okora v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("if the defendant in a suit for replevin has sold the property that the plaintiff is seeking to replevy, the plaintiff is entitled to the proceeds in an action for restitution").

Plaintiff acknowledges that an Elgin police officer stopped him for speeding and also charged him with driving without a valid license. (Writ of Replevin ¶¶ 10, 12, Dkt. No. 11.) Plaintiff also acknowledges that the City of Elgin communicated to him that the seizure of his vehicle was pursuant to the Elgin Municipal Code and the Illinois Vehicle Code. (Pl.'s Aff. ¶ 4 & Ex. B, Dkt. No. 19.) Plaintiff does not dispute the propriety of the stop or the seizure under the municipal and state provisions. Instead, he argues that the seizure violated the Fifth Amendment of the U.S. Constitution, a federal treaty, and various federal statutes. His claim for replevin seeks relief from Redmon's Towing only; the City of Elgin is not a party to this action. And Plaintiff does not seek damages for the alleged violations, only the return of his property.[2]

As the basis for the requested writ, Plaintiff first claims that the seizure of his vehicle violated the 1776 Treaty of Watertown. However, Plaintiff does not allege that he is a member of either of the two Native American nations that were parties to the Treaty of Watertown, and thus he fails to state a claim for violation of its terms.[3] *U.S. v. $7,000.00 in U.S. Currency,* 583 F. Supp. 2d 725, 732 (M.D.N.C. 2008) (noting that the Treaty of Watertown does not appear to apply to members of any Native American nations other than the St. John's and Mi'kmaq tribes of Nova Scotia, Canada; nor does it apply to citizens of the United States); *see also Trazell v. Wilmers,* No. 12-01369, 2013 WL 5593042, at *3 (D.D.C. Oct. 11, 2013) (plaintiff failed to state a claim for violation of the Treaty of Watertown where plaintiff alleged he was a member of the Cherokee-Chocktaw nation but did not allege he was a member of either the St. John's nation or the Mi'kmaq nation).

Plaintiff's invocation of federal statutes that protect foreign entities also fails. Plaintiff asserts that the vehicle in question was the property of a foreign state, and that its seizure violated the Foreign Sovereign Immunities Act, 28 U.S.C. § 1609, which protects the property of foreign states from attachment and execution. To invoke the protection of the statute, however, an entity must possess the characteristics that define statehood: a defined territory and a permanent population under control of its own government, and the capacity to engage in formal relations with other such entities. *See Knox v. Palestine Liberation Org.,* 306 F. Supp. 2d 424, 434 (S.D.N.Y. 2004). Plaintiff does not allege that the seized vehicle belonged to an entity possessing any of the required characteristics. His additional claims for relief based upon the statutory protections afforded to foreign nationals are equally baseless: 18 U.S.C. §§ 112 and 970 make violence against foreign nationals and seizure of their property criminal offenses, but criminal provisions do not create private rights of action. *Amin v. Int'l Servs., Inc.,* No. 13 C 7889, 2013 WL 6050154, at *2 (N.D. Ill. Nov. 14, 2013).

Plaintiff also cites the Fifth Amendment to the U.S. Constitution and 42 U.S.C. § 1983, the latter of which provides a civil remedy for violations of constitutional rights under color of state law. But while these authorities protect persons from state action, they do not provide a cause of action based on private conduct. *See Hallinan v. Fraternal Order of Police of Chicago*

---

[2] Plaintiff's Motion also suggests that he would like this Court to dismiss the traffic case against him in the Circuit Court of Cook County. However, based on Plaintiff's own submissions, it appears those citation already have been stricken. (Writ of Replevin ¶ 12, Dkt. No. 11; Pl. Aff. Ex. D, Dkt. No. 11-1.)

[3] Plaintiff alleges only that he is "a Public Minister of the Aboriginal Republic of North America Government." (Writ of Replevin ¶ 2, Dkt. No. 11.)

*Lodge No. 7,* 570 F.3d 811, 815 (7th Cir. 2009). Plaintiff does not allege that Defendant is a state or municipal entity. While § 1983 actions may be pursued against private actors acting under the color of law under some circumstances, none of those circumstances appear to be present here. *Id.* at 815-16. Furthermore, § 1983 liability cannot be based upon *respondeat superior* principles, and a corporate entity can be liable under the statute only if it has official policies or widespread practices that cause constitutional deprivations. *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). Plaintiff's pleading makes no allegations against Defendant's employees and no allegations that Defendant's towing of his car was the result of either a policy or a widespread practice. Such generalized allegations against a corporate entity do not state a claim for relief under § 1983.

      For the foregoing reasons, the Court concludes that Plaintiff's pleading fails to state a claim for relief. Accordingly, Plaintiff's motion for a writ of replevin is dismissed. As it is not apparent to the Court at this stage that it would be impossible for Plaintiff to state a claim for relief based on the towing of his vehicle under § 1983 claim, the dismissal is without prejudice to Plaintiff filing an amended complaint and motion by 7/7/2014, to attempt to state a valid claim consistent with this ruling. Defendant's pending Motion to Dismiss and Plaintiff's pending Motion for Default Judgment are denied as moot.

Dated: June 2, 2014

Andrea R. Wood
United States District Judge