**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JABARI EL, | ) |
| Plaintiff, | ) |
| | ) No. 13-cv-00300 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| REDMON'S TOWING, THE CITY OF ELGIN, DAVE KAPTAIN, JEFFEREY SWOBODA, and OFFICER BUCKENT, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jabari El seeks relief for civil rights violations he claims to have suffered in connection with a traffic stop in the City of Elgin, his resulting arrest, and the seizure of his car. The City of Elgin, its police chief, the arresting officer, and the private company that towed El's car all seek dismissal of the claims against them for failure to state claims for relief. For the reasons that follow, their motions to dismiss (Dkt. Nos. 67, 69) are granted with prejudice as to the claims asserted under 42 U.S.C. § 1986 and granted without prejudice as to El's other claims.

## BACKGROUND

In his Amended Complaint, Plaintiff Jabari El alleges the following facts.[1] El claims that he was driving his car in Elgin, Illinois in September 2012 when he noticed a car with flashing lights behind him. (Am. Compl. Stmt. of Facts ("SOF") ¶ 1, Dkt. No. 49.) He pulled into a parking space in a public parking lot and stopped. (*Id.* ¶¶ 2, 3.) A man with a badge and gun,

---

[1] For the purposes of Defendants' motions, the Court accepts as true all well-pleaded allegations set forth in the Amended Complaint and draws all reasonable inferences in El's favor. *See Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013).

who El later identified as Lorenz Burkert,[2] approached his car, told him he had been speeding, and asked for his driver's license and registration. (*Id.* ¶ 5.) The man appeared to El to be an Elgin police officer. (*Id.* ¶¶ 7, 8.)

After some discussion, Burkert told El to get out of his car. (*Id.* ¶ 12.) Burkert then told El that he was under arrest for driving without a valid license. (*Id.* ¶ 13.) Burkert "reached for his gun" twice during their interaction. (*Id.* ¶¶ 8, 15.) Burkert and other Elgin officers searched El and his car without his consent and "shackled" him behind his back. (*Id.* ¶¶ 16-19.) El asked Burkert "if he was going to have a tow company take unlawful possession of [his] automobile and [Burkert] said yes." (*Id.* ¶ 20.) Elgin police directed Redmon's Towing to seize El's car. (*Id.* ¶ 29.) The car had proper identification and was parked legally, yet it was towed by Redmond's Towing as part of a policy by all of the defendants to seize cars for monetary benefit. (*Id.* ¶ 32.) Elgin's mayor, David Kaptain, and its police chief, Jeffrey Swoboda, knew about Burkert's propensities and failed either to train him to perform differently or to prevent his actions. (*Id.* ¶¶ 34, 36-39.)

El was incarcerated and, during that period, he "was not given a proper diet as [he is] a vegetarian [and he] did not eat the whole time [he] was there." (*Id.* ¶ 27.)

## DISCUSSION

El's complaint invokes three statutes as the basis for his claims for relief: 42 U.S.C. § 1983 provides a remedy for deprivation of a plaintiff's civil rights by persons acting under the color of state law, 42 U.S.C. § 1985 allows claims against those conspiring to deprive any person of the equal protection of the laws or of privileges and immunities under the laws, and 42 U.S.C. § 1986 permits claims against individuals who fail to prevent violations of § 1985. El

---

[2] El's complaint identifies this defendant as "Officer Buckent." (SOF ¶ 20, Dkt. No. 49.) The Court adopts the spelling utilized by Defendant Burkert and each of the other defendants.

asserts claims against the City of Elgin, Kaptain, Swoboda, Burkert, and Redmon's Towing (collectively, "Defendants"). He seeks relief for his arrest, the seizure of his car, and the conditions of his confinement.

The City of Elgin, Kaptain, Swoboda, and Burkert (together, the "Elgin Defendants") have filed a motion to dismiss the claims against them for failure to state a claim for relief. Redmon's Towing has also filed a similar motion. For the purposes of Defendants' motions, all well-pleaded facts in El's complaint are taken as true. *Vinson v. Vermilion Cnty., Ill.*, 776 F.3d 924, 925 (7th Cir. 2015). To survive Defendants' motions, El's complaint must set forth a short and plain statement of the claim showing that he is entitled to relief. *Id.* at 928. The statement must give Defendants fair notice of the claims against them and the grounds upon which those claims rest. *Id.*

### Timeliness

As an initial matter, the Elgin Defendants assert that El's claims must be dismissed because they are time-barred. Claims that are indisputably time-barred may be dismissed at the pleading stage. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). El's complaint alleges that his arrest occurred on September 6, 2012. (SOF ¶ 1, Dkt. No. 49.) The Elgin Defendants correctly assert that the statute of limitations for actions under §§ 1983 and 1985 in federal courts sitting in Illinois is two years. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); *Wilson v. Giesen*, 956 F.2d 738, 741 n.4 (7th Cir. 1992). They also claim that the date of the initial assertion of allegations against them was October 8, 2014.[3] (Elgin Defs.' Mot. to Dismiss at 4, Dkt. No. 69.) However, El filed an amended complaint with the Clerk of the Court on August 22, 2014, within the two-year limitation period for his claims under §§ 1983 and 1985. That complaint named the Elgin Defendants and asserted against them the claims now at issue.

---

[3] El's initial complaint asserted claims against Redmon's Towing only. (*See* Dkt. No. 1.)

Although El's initial amended complaint was designated by the Clerk as "received" rather than "filed," receipt by the Clerk meets a plaintiff's filing obligations for statute of limitations purposes, even if the document has not yet been officially filed in accordance with the requirements of the Court or its Clerk. *Robinson v. Doe*, 272 F.3d 921, 922-23 (7th Cir. 2001). El's delivery of the complaint within two years of the incidents at issue made his § 1983 and § 1985 claims timely.

El also asserts claims under § 1986. That statute is explicitly governed by its own one-year limitation period. Section 1986 provides relief for a failure to prevent the conspiracies made unlawful by § 1985. El's original complaint was for replevin of his seized vehicle. (Compl., Dkt. No. 1.) It did not seek relief from any party for failure to prevent violations of § 1985. El's first such allegations appeared in the amended complaint filed in August 2014. These allegations fell outside of § 1986's one year limitation period and are therefore untimely. His § 1986 claims against all Defendants are accordingly dismissed.

**Arrest Claims**

El's complaint alleges multiple violations of his constitutional rights resulting from his arrest and detention and the towing of his car, all without his consent. According to the complaint, Burkert told him that he had been pulled over because he was speeding and asked for his driver's license and registration. El's complaint does not allege that he had been driving at a legal speed or that he showed Burkert a valid license. Instead, it claims that Burkert had no probable cause or reasonable suspicion of El "committing a felony." (SOF ¶ 7, Dkt. No. 49.) The central premise of El's claims regarding his arrest appears to be that he could not be properly arrested without a warrant or a grand jury indictment unless he was suspected of a felony.

4

But El's failure to produce a valid driver's license when asked would have provided Burkert with probable cause to arrest him. *Wos v. Sheahan*, 57 F. App'x 694, 696 (7th Cir. 2002) (citing *United States v. Covarrubias,* 65 F.3d 1362, 1368 (7th Cir.1995)). El's complaint does not make any allegations raising an inference that he was driving lawfully when he was pulled over or that he showed Burkert a valid driver's license. It does not suggest that the fact of his arrest deprived him of constitutional rights.

El's complaint also lacks a sufficient claim that the manner of his arrest violated the constitution. El alleges that his arms were shackled behind his back after he was arrested. But he does not claim that the restraint produced physical injury or pain, the common focus points of inquiries into the constitutional limits of such restraints. *See Stainback v. Dixon*, 569 F.3d 767, 772 (7th Cir. 2009). An officer who has the right to arrest an individual also has the right to use some degree of force or the threat of force to make the arrest. *Stainback v. Dixon*, 569 F.3d 767, 772 (7th Cir. 2009). Accordingly, since El's complaint alleges only that his arms were shackled behind his back, does not claim that the restraint caused him injury or even discomfort, and does not assert that he was the target of force in any other way, it does not raise an inference that the manner of his arrest was improper.

**Car Seizure Claims**

The complaint also does not raise an inference that the seizure of El's car was constitutionally improper. The seizure of a car is objectively reasonable for constitutional purposes if there is probable cause to believe that its owner used the car in a manner that subjected it to seizure under state law. *Thompson v. Vill. of Monee*, No. 12-CV-5020, 2015 WL 3798152, at *10 (N.D. Ill. June 17, 2015). Section 5/36-1(a)(8) of the Illinois Criminal Code, 720 ILCS 5/36-1(a)(8), provides that a vehicle is subject to seizure when it is used in an offense

described in Section 6-101 of the Illinois Vehicle Code, 625 ILCS 6-101, which requires motor vehicle operators to be licensed. Since the complaint alleges that El was driving but does not claim that he produced a license, it does not raise the inference that Burkert lacked a constitutionally valid basis for ordering the seizure of his car.

Without factual allegations sufficient to raise an inference that Burkert violated El's civil rights in ordering that his car be towed, the complaint similarly fails to raise an inference that Redmon's Towing or any of its employees acted improperly in towing the car at Burkert's direction. *See Goldschmidt v. Patchett,* 686 F.2d 582, 585 (7th Cir. 1982) (§ 1983 conspiracy); *Indianapolis Minority Contractors Ass'n, Inc. v. Wiley,* 187 F.3d 743, 754 (7th Cir. 1999) (§ 1985 conspiracy).

### Conditions of Confinement Claim

El alleges that he is a vegetarian, that he was not given the proper diet while he was in custody, and that he did not eat while he was detained. But he does not specify how any of the named Defendants were involved in the failure to give him the diet he preferred. The complaint thus fails to raise a plausible claim that he has a right to recover from any of the named Defendants for that failure.

### **CONCLUSION**

For the reasons stated herein, the motions by Defendant Redmon's Towing (Dkt. No. 67) and Defendants City of Elgin, David Kaptain, Jefferey Swoboda, and Lorenz Burkert (Dkt. No. 69) to dismiss the claims against them are granted. As to the time-barred claims under 42 U.S.C. § 1986, the dismissal is with prejudice. In view of the Seventh Circuit's consistent admonitions that leave to amend should be liberally granted, *see, e.g.*, *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015), the dismissal of El's

remaining claims is without prejudice to his presentation of a motion for leave to file an amended complaint. That motion shall attach a proposed complaint that remedies the pleading deficiencies identified herein and shall be filed by December 1, 2015. Failure to file the motion with a proposed sufficient pleading by the aforementioned date will subject this cause to dismissal with prejudice without further notice.

ENTERED:

Dated: September 30, 2015

_____
Andrea R. Wood
United States District Judge